1

2

3

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

4

5

6

7

8

9

10

11

| | |
|---|---|
| | Case No. CV-14-331-JPH |
| REBECA GARZA,<br><br>                    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

12

13

14

15

16

17

18

19

20

    **BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 19. Attorney David Church represents plaintiff (Garza). Special Assistant United States Attorney Danielle R. Mroczek represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 6. On July 6, 2015 Garza replied. ECF No. 22. Defendant moved to file a surreply, which the Court granted. ECF No. 24, 25. Plaintiff objected and moved for reconsideration. ECF No. 27, 28.  After reviewing the administrative record and the briefs filed by the parties, the court **grants in part plaintiff's motion for reconsideration, ECF No. 27, and grants defendant's motion for summary judgment, ECF No. 19.**

ORDER  ~ 1

**JURISDICTION**

On January 11, 2012 Garza applied for disability income benefits (DIB) and supplemental security income benefits (SSI) beginning October 25, 2010 (Tr. 128-34). The claims were denied initially and on reconsideration (Tr. 79-82, 86-87). Administrative Law Judge (ALJ) Marie Palachuk held a hearing May 21, 2013. Garza was represented by counsel and used an interpreter. An orthopedic surgeon and a vocational expert testified (Tr. 32-52). An unidentified person sat through the hearing, including during Garza's testimony, and was not introduced. Counsel sought to have her testify on Garza's behalf. The ALJ ruled because the person sat through the hearing he or she was not permitted to testify (Tr. 46). On June 14, 2013, the ALJ issued an unfavorable decision (Tr. 16-31). In August 2014 the Appeals Council accepted additional evidence, including an affidavit purportedly written by the friend who was not allowed to testify. They denied review (Tr. 1-6). Garza appealed pursuant to 42 U.S.C. §§ 405(g) on October 9, 2014. ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts appear in the administrative hearing transcript, the decisions below and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Garza was 46 years old at onset and 49 at the hearing. She was born in Mexico and attended school in the United States through the eighth or ninth grade.

She last worked in 2010 as an agricultural supervisor. She has also worked as an agricultural worker. She worked for about three years as a taco truck owner/manager, and for three months as an in home caregiver. Garza testified she cannot write in English. A cousin completed her application paperwork for her. She testified she is five foot four and weighs 240 pounds. At the time of the hearing she was separated from her spouse and living with a friend. She applied for benefits alleging back pain  (Tr. 26, 38-45, 47-48, 128, 136-37, 161-62).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process

ORDER  ~ 3

for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national

economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

*Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding

of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Palachuk found Garza was insured through December 31, 2015. At step one, the ALJ found Garza did not work at substantial gainful activity levels after onset (Tr. 19, 21). At steps two and three, she found Garza suffers from degenerative disease of the spine without neurological compromise, morbid obesity, diabetes mellitus and carpal tunnel syndrome (CTS), impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 21, 23 ). The ALJ found Garza less than fully credible and assessed an RFC for a range of sedentary work (Tr. 23-25). At step four, the ALJ found Garza is unable to do any past work (Tr. 26). At step five, she found Garza can do other work such as document preparer, escort vehicle driver and cashier (Tr. 27-28). Accordingly, the ALJ found Garza was not disabled as defined by the Act (Tr. 28).

## ISSUES

Garza alleges the ALJ erred when she assessed credibility, weighed the evidence and did not permit a witness to testify. At step five she alleges the ALJ should have found her disabled pursuant to Grid Rule 201.17. ECF No. 14 at 2, 18. The Commissioner responds that because the ALJ's findings are factually supported and free of harmful legal error, this court should affirm. ECF No. 19 at 27.

ORDER ~ 7

# DISCUSSION

## A. Credibility

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Garza alleges the ALJ's reasons are not clear and convincing. ECF No. 14 at 7-13. The Commissioner answers that ALJ Palachuk's reasons both meet this standard and are supported by substantial evidence. ECF No. 19 at 8-13. The Commissioner notes some of the ALJ's reasons include the unexplained failure to follow recommended treatment, lack of motivation to be independent in self-care and inconsistencies between Garza's allegations and other evidence. ECF No. 19 at 9.

The record shows Garza admitted to providers she did not follow a diet or exercise as directed to treat diabetes. She has admitted not taking prescribed medication and failing to monitor blood sugar levels. At times diabetes is described as uncontrolled (Tr. 247, 252, 341, 402, 440, 443, 450, 454, 520, 525, 537, 559).

Although Garza has alleged lack of insurance is the reason for noncompliance, this does not adequately explain failing to exercise.

Activities include preparing simple meals, driving, shopping, light housework, watching television and visiting with friends in her home or on the phone.    The ALJ notes Garza has the ability to prepare meals when she must – that is, when a meal is not prepared by someone else for her. This may indicate a lack of motivation for self-care since this is a task Garza is able to perform. Similarly, Garza's refusal to follow recommended medical treatment may indicate a lack of motivation to work and that symptoms and that limitations are not as dire as alleged (Tr. 24-25).

Garza has stated she gets migraine headaches that last a minimum of one week. She can only walk a block or two. If she tries to do any heavy lifting she is paralyzed for three to five days at a time (Tr. 24, 44, 197-204, 212).

Yet medical records do not support such extreme limitations. In July 2012 it is noted Garza has had no physical therapy. In 2013 she "has had physical therapy in the past." There are no physical therapy records. In 2013 she thought eyestrain was causing headaches. Treatment has consisted of medications and injections. A record in  December 2012 indicates "no MRI findings show structural abnormalities that correlate with the patient's complaints or that would indicate a need for surgical intervention." Exam results have shown leg strength of 4/5, full range of motion in all joints and no acute distress and full sensation  (Tr. 344, 355, 362, 377, 422, 453,

456, 463, 468, 475, 481, 490, 493, 503, 515, 518, 524, 546, 552).

The ALJ opined Garza has been less than forthright with respect to her ability to understand and communicate in English (Tr. 25). This too is supported by the record. For example, the ALJ notes Garza testified she attended school through the eighth grade in this state. She also testified she could not understand or communicate very well in English, which seems contradictory and undermines credibility. *See also below at C.*

The ALJ's reasons are clear, convincing and supported by substantial evidence. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005)(proper to consider unexplained or inadequately explained failure to follow recommended medical treatment and lack of consistent treatment; *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistencies between statements and conduct and the extent of daily activities are properly considered ).

Garza fails to show the ALJ arbitrarily discounted her testimony.

*B. Medical evidence*

Garza alleges the ALJ erred when she failed to properly credit the opinion of her treating physician, Bashar Elali, M.D. ECF No. 14 at 16-18. The Commissioner answers that the ALJ properly relied on the opinions of the medical expert, Darius Ghazi, M.D., and agency reviewing doctor Elizabeth St. Louis, M.D., when she adopted Elali's RFC for sedentary work but rejected his assessed marked limitations.

ORDER ~ 10

ECF No. 19 at 21-23.

The ALJ disagreed with his check box assessment that Garza's back conditions "very significantly" interfere with the ability to perform many basic work activities because the opinion fails to explain the bases for the assessed limitations. It is also internally inconsistent (Tr. 26). The ALJ is correct that the form does not explain the bases for the limitations assessed. The opinion is also inconsistent. Dr. Elali assesses both an RFC for sedentary work (Tr. 488) and marked interference with the ability to perform many basic work-related activities (Tr. 489). His treatment notes do not identify any work-related functional limitations, as the Commissioner correctly observes. ECF No. 19 at 20. Although he states imaging and other diagnostic test results are "all listed in her chart" (Tr. 489), the test results show *at most* moderate spinal stenosis and do not support the marked interference assessed. Most of his records reflect "in no acute distress." *See* Tr. 26, 419, 493, 503, 511, 530.

These reasons are proper. An ALJ may reject check-off reports that do not contain any explanation of the bases of their conclusions. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Opinions that are internally

inconsistent may properly be given less weight. *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

The ALJ notes the testifying expert, Dr. Ghazi, opined Garza could perform sedentary work (Tr. 25, 38). The ALJ credited this opinion because Dr. Ghazi was the only doctor who reviewed all of the evidence, he is board certified as an orthopedic surgeon and his conclusions are based on objective findings in the medical record (Tr. 25). This was proper.

Agency reviewing doctor St. Louis also assessed an RFC for sedentary work (Tr. 25, 73-77). The ALJ properly credited this evidence because it is consistent overall with opinions by treating and reviewing sources.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(internal citations omitted).]

The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ properly weighed the contradictory evidence. The record fully supports the assessed RFC. Although Garza alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747,

751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

   *C. Procedural due process and lay witness testimony*

   Garza alleges the ALJ's refusal to permit Garza's friend (unnamed in the record) to testify violated her right to due process. ECF No. 14 at 5-7. The Commissioner responds that error if any was invited and harmless. ECF No. 19 at 3-8.

   A letter dated May 24, 2013, three days after the hearing, was written by Garza's friend and considered by the Appeals Council. The court has considered the evidence presented for the first time to the Appeals Council to determine whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Comm'r of Soc. Sec. Admin*., 659 F.3d 1157, 1159-60, 1162-63 (9th Cir. 2011).

   Garza's friend Cedelia Cano states Garza has problems reading, writing and speaking English. Ms. Cano has known Garza more than twenty years. She opines

Garza reads English at a first or second grade level and her writing contains many spelling and grammatical errors. Garza often asks Cano to translate for her and uses an interpreter for all medical appointments (Tr. 234).

As noted, the witness who was not allowed to testify is not named in the record. The Commissioner alleges it is Ms. Cano. ECF No. 19 at 6, citing Tr. 235 and ECF No. 14 at 5-7, 14-15.

The ALJ did not permit the witness to testify because the witness was present in the hearing while testimony was taken  and should have been excluded. Garza's counsel did not introduce the witness as a witness until other testimony had been taken.

This is clearly invited error since only counsel, the witness and probably Ms. Garza knew the person seated in the hearing room was going to testify. The ALJ said she "was told the other person was there as a friend" (Tr. 46). One may not complain on review of errors below for which he is responsible. *See Sovak v. Chugai Pharm. Co.,* 280 F.3d 1266, 1270 (9th Cir. 2002).

Any error here is harmless, in any event. The ALJ asked the vocational expert if a person with limited education could perform the jobs identified at step five (Tr. 48). The VE was also asked whether the inability to communicate in writing in English would impact the ability to perform these jobs (Tr. 50). The VE was asked whether a limited ability to speak and understand English would affect the ability to

ORDER  ~ 14

do these jobs (Tr. 51). The VE answered that none of these would impact the ability to perform the jobs identified. Plaintiff fails to establish harmful error. The evidence of functional literacy is discussed below.

*D. Functional illiteracy*

Garza alleges the ALJ should have found she is functionally illiterate because such a finding is supported by substantial evidence, and would entitle her to a finding of disability at step five under Grid Rule 201.17. ECF No. 14 at 14-15. The Commissioner responds that the ALJ weighed and properly discounted this evidence. ECF No. 19 at 23-24.

Garza was hospitalized in June 2010 (abdominal pain); October 2010 (appendectomy); March 2011 (fell) and July 2011 (herniated disc).  All discharge instructions are in English (Tr. 239, 244, 265-27, 282-84, 295, 314). Garza indicated she could speak, understand and read English, and write more than her name in it (Tr. 160). English is listed as her preferred language (Tr. 274). Garza cites two places in the record that indicate her preferred language is Spanish. ECF No. 22 at 10, citing Tr. 286, 297. This is not substantial evidence.

Last, Garza alleges the ALJ's hypothetical failed to include all of her limitations. ECF No. 14 at 18-19.

In "hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence." *Robbins v. Soc. Sec. Admin.*,

466 F.3d 880, 886 (9th Cir. 2006). The ALJ properly weighed the evidence.

*E. Remand*

It is within the Court's discretion to reverse with or without remand for further administrative proceedings. 42. U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993)(citations omitted).

It is appropriate to remand for payment of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting medical opinions or a claimant's testimony; (2) there are no outstanding issues to be resolved before a disability determination can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

In this case the ALJ's determinations are supported by the record and free of harmful legal error. The Commissioner is correct that a subsequent award of benefits is irrelevant to the time frame addressed by the ALJ's June 14, 2013 decision.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 19**, is **granted.**

ORDER ~ 16

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 6th day of August, 2015.

_S/ James P. Hutton_

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER ~ 17